IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | Civil No. 2:06-CV-00614-LKK-KJM-PS |
| v. | ) | |
| JAMES O. MOLEN AND SANDRA LYNN MOLEN, | ) | **FINDINGS AND RECOMMENDATIONS** |
| Defendants. | ) | |

Plaintiff's motion for summary judgment came on regularly for hearing July 26, 2006. G. Patrick Jennings, trial attorney, Tax Division, United States Department of Justice, appeared telephonically for the United States. Defendants James O. Molen and Sandra L. Molen appeared by telephone. Upon review of the motion and the documents in support and opposition, upon hearing the argument of counsel and defendants and good cause appearing therefore, the court finds as follows:

I. Introduction

On March 23, 2006, the United States filed a complaint seeking a judgment that a UCC financing statement filed by defendants is null, void, and of no legal effect, and seeking an order enjoining them from similar filings. Defendants were

1

personally served with process on April 5, 2006. Defendants filed numerous documents in this case. On May 24, 2006, the United States filed a motion for summary judgment supported by the declarations of the government employees named in the UCC Financing Statement. The hearing on the motion was continued by the court to give the defendants additional time to oppose the motion.

This court has jurisdiction over this action based on 28 U.S.C. § 1345 and 26 U.S.C. § 7402. The action was referred to this court under Local Rule 72-302(c)(21).

II. Standards for a Motion for Summary Judgment

Federal Rule of Civil Procedure 56(c) states that judgment in favor of the moving party is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)

The evidence of the party opposing summary judgment is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the party opposing summary judgment. Anderson, 477 U.S. at 255. Inferences will not be drawn out of the air, however; it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn. Richards v. Nielsen Freight Lines, 602 F.Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd 810 F.2d 898 (9th Cir. 1987).

To survive a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence produced by the non-moving party is "merely colorable, or is not significantly probative," summary judgment is proper. Anderson, 477 U.S. at 249-50.

/////

III. Findings of Fact

1. Charles Delao is a Revenue Officer assigned to collect the tax liabilities of James O. Molen and Sandra Lynn Molen dba Touch of Class Florist. The Revenue Officer asked that the IRS request the United States Department of Justice to bring an action to obtain an injunction to order the Molens to withhold employment taxes and file employment tax returns. On December 12, 2003, the court entered a permanent injunction in <u>United States v. Molen</u>, Case No. 2:03-CV-01531-DFL-GGH (E.D. Cal.) (the "employment tax injunction case"). (Delao Decl., ¶ 1, 2, Graham Decl., Ex. A.)

2. Former Department of Justice Attorney Rex K. Lee and current Department of Justice Attorney Anne N. Graham prepared and filed the employment tax injunction case. (Lee Decl., Graham Decl., ¶ 1.)

3. David F. Levi and Gregory G. Hollows are the Judge and Magistrate Judge assigned to the Molen employment tax injunction case. (Levi Decl., Hollows Decl., ¶ 1.) McGregor W. Scott is the United States Attorney for the Eastern District of California. (Scott Decl., ¶ 1.)

4. On November 8, 2004, the Molens filed with the Secretary of State of the State of California a UCC Financing Statement, Document Number 04-7005304023, ("UCC Financing Statement") falsely describing as debtors the following persons: (1) Charles Delao, (2) Rex K. Lee, (3) Anne N. Graham, (4) Gregory G. Hollows, (5) David F. Levi, and (6) McGregor W. Scott (hereinafter, collectively, the "named persons"). The UCC Financing Statement purports to impose a lien in an amount exceeding $93 billion. (<u>See</u> certified copy attached as Exhibit A to the Jennings Decl.)

/////
/////

5. The named persons are not personally acquainted with James O. Molen and Sandra L. Molen and have had no contact or relationship with them outside the scope of their official duties. (Delao, Lee, Graham, Hollows, Levi, Scott Decls.)

6. The named persons have not engaged in any contract or personal transaction with James O. Molen and Sandra L. Molen and do not owe money to the Molens. There is no legitimate reason for the Molens to impose a lien on the personal property of the named persons. Id.

7. The named persons are aware of the false UCC Financing Statement that the Molens have filed with the California Secretary of State. The document has caused some of them to experience distress and anxiety. For example, they are concerned that the Molens' Financing Statement may have a negative impact on their permanent credit record. (Lee, Graham, Delao Decls.)

IV. Analysis

Section 7402(a) of the Internal Revenue Code[1] specifically grants district courts jurisdiction "to make and issue in civil actions, writs and orders of injunction . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws" (emphasis added). I.R.C. § 7402(a); see Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir. 1985). Courts are empowered "to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." Ryan, 764 F.2d at 1327; see also Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985), cert. denied, 476 U. S. 1183 (1986); United States v. Ekblad, 732 F.2d 562, 563 (7th Cir. 1984); United States v. Hart, 701 F.2d 749, 750 (8th Cir. 1983); United States v. Van Dyke, 568 F. Supp. 820, 821 (D. Or. 1983) (enjoining the filing of common-law

---

[1] Title 26 of the United States Code, hereinafter I.R.C.

4

liens to harass IRS employees and thereby deter enforcement of the tax laws).

Defendants have provided no evidence demonstrating that the UCC Financing Statement is based on legitimate debt or law, or controverting the facts set forth above. Rather, defendants have provided documents that appear to have been created by defendants, none of which were adjudicated in a court of law. It appears defendants claim that a debt arose as a result of the failure of the employees to respond when defendants mailed documents to them. However, the courts do not recognize the legality of such a "lien." United States v. Andra, 923 F.Supp. 157, 159-60 (D. Idaho 1996). Defendants have not provided any evidence of a contractual or other legal relationship with any IRS employee to establish the validity of the UCC Financing Statement filed by defendants.

After carefully reviewing the record, this court finds that the UCC Financing Statement filed by defendants is a frivolous device used to harass government employees. Thus, the Financing Statement is an attempt to impose a non-consensual, non-judicial, and non-statutory lien that should be declared null and void. Because there are no genuine issues of material fact in dispute, plaintiff's motion for summary judgment should be granted. The "lien" placed by defendants on the IRS employee's property has no basis in law or fact. Section 7402(a) of the Internal Revenue Code allows the court to nullify such liens from public records.

V.   Injunction

Plaintiff also seeks an injunction enjoining defendants from filing any document or instrument that purports to create a non-consensual lien or encumbrance of any kind against any employee of the federal government. Injunctive relief is available to a party who demonstrates "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the

1 plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest
2 would not be disserved by a permanent injunction." eBay, Inc. v. MercExchange, LLC.,
3 ___ U.S. ___, 126 S.Ct. 1837 (2006).
4       Plaintiff has demonstrated success on the merits as noted above.  The
5 action of the defendants, in filing the UCC Financing Statement, imposes irreparable
6 harm upon the employees of the federal government with whom the defendant quarrels.
7 This false lien potentially clouds title to property and damages the IRS employee's
8 credit rating.  This harassment may tend to deter IRS employees from performing their
9 tax collection functions, and, at a minimum, wastes time that they could spend on
10 proper official duties.  These false liens "threaten substantial interference with the
11 administration and enforcement of the internal revenue laws." United States v. Hart,
12 545 F. Supp. 470, 473 (D.N.D. 1982), aff'd, 701 F.2d 749 (8th Cir. 1983).
13       The government employees and the United States will suffer harm if an
14 injunction is not granted.  Because the UCC Financing Statement has no factual or
15 legal basis and thus is of no legal effect, defendants will not be injured by an injunction
16 that bars them from filing similar non-consensual or non-statutory liens in the future.
17 See In re Martin-Trigona, 763 F.2d 140, 141-42 (2d Cir. 1985), cert. denied, 474 U.S.
18 1061 (1986).  Thus the balance of hardships tips in plaintiff's favor.
19       Finally, this court finds that the public interest will be served by an
20 injunction forbidding this harassment in the future.  Section 7402(a) of the Internal
21 Revenue Code authorizes this court to enter injunctions that are necessary or
22 appropriate for the enforcement of the internal revenue laws.  Hart, 701 F.2d at 750.
23 Harassment of federal employees in their personal lives by filing false liens shall not be
24 tolerated.
25 /////
26 /////

VI. Recommendation

Based on the foregoing IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's motion for summary judgment be granted and judgment for plaintiff be entered on all claims.

2. The UCC Financing Statement filed by James O. Molen and Sandra L. Molen on November 8, 2004, with the Secretary of State of the State of California, Document Number 04-7005304023, be adjudged and declared null, void and without legal effect.

3. Leave be granted to file the order or judgment with the California Secretary of State, any county clerk's office, assessor's office, or other public registry where such liens have or will be filed by defendants.

4. James O. Molen and Sandra L. Molen be permanently enjoined from filing, or attempting to file, any document or instrument that purports to create a nonconsensual lien or encumbrance against the person or property of any government employee.

5. The United States' request for attorney's fees be granted in the amount of $2,726 as this action was caused by the defendants' vexatious conduct in filing false liens.

6. To the extent that defendants' filings constitute motions, said motions are denied for lack of factual and legal merit. The defendants' motion to dismiss is denied.

VII. Time Limit for Objections

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may filed written objections with the court and serve a copy on all parties. Such a

1  document should be captioned "Objections to Magistrate Judge's Findings and
2  Recommendations."  Any reply to the objections shall be served and filed within ten
3  days after service of the objections.  The parties are advised that failure to file
4  objections within the specified time may waive the right to appeal the District Court's
5  order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  Dated:  August 29, 2006.

                                                    UNITED STATES MAGISTRATE JUDGE